IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 13-30053-MJR |
| | ) | |
| DESTRY J. MARCOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SENTENCE DEFENDANT IN ABSTENTIA

The United States of America, by Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Norman R. Smith, Assistant U.S. Attorney and herewith submit the Government's Motion to Sentence the Defendant in Abstentia.

1. The defendant, Destry J. Marcotte, has waived his right to be present for sentencing. On May 1, 2014, the defendant failed to appear for sentencing. Doc. 87. On October 8, 2012, a jury returned a verdict finding the defendant guilty of four counts of making false claims against the United States, in violation of Title 18, United States Code, Section 287. Doc. 50. The sentencing was initially set for January 17, 2014. The sentencing was continued following the filing by the defendant of unusual pleadings styled "Affidavit of Non-Corporate Status; Affidavit of Power of Attorney; Affidavit of Live Birth, " Doc. 75, and a "MOTION for Declaratory Judgment," Doc. 76. On March 20, 2014, the Court held a Faretta colloquy and determined that the defendant was competent to represent himself and the defendant was advised in open court that his sentencing was set for May 1, 2014. Doc. 84. The Federal Public Defender was appointed by the Court as standby counsel for sentencing. Doc. 85. Thereafter, on May 1, 2014 at 2:30 p.m. the matter was called for sentencing. The defendant failed to appear as ordered. The Federal Public Defender appeared as standby counsel. The defendant's girlfriend

1

appeared and a newspaper reporter appeared. Both had spoken with the defendant on the days prior to the sentencing and it was clear that the defendant knew of the sentencing date.

2. A defendant waives his right to be present at sentencing if he is voluntarily absent. Fed. R. Crim. P. 43(c)(1)(B). In *United States v. Achbani*, 507 F.3d 598 (7th Cir. 2007), the Court of Appeals has provided some guidance as to when a defendant is "voluntarily absent." The court "should indulge every reasonable inference against a finding of voluntary absence. . . . Before proceeding, the district court must explore on the record any 'serious questions' raised about whether the defendant's absence was knowing and voluntary . . . . As the case law makes clear, however, the district court's duty to explore such possibilities varies to the extent that defense counsel suggests circumstances that raise a *plausible* doubt that the defendant's absence was voluntary." At 601 - 602.

3. In this case, from the evidence submitted at trial, from the pleadings submitted by the defendant, and at times by his decorum before the Court, the defendant claims not to be subject to the laws of the United States and has claimed not to be subject to the jurisdiction of the Court. There is no evidence that the defendant has been hospitalized nor is confined in any penal institution. There have been investigatory efforts made by the United States Marshal's Office and the Internal Revenue Service/Criminal Investigations to locate the defendant to no avail. The facts provide for a reasonable inference that the defendant was voluntarily and knowingly absent from the scheduled sentencing, is a fugitive from justice, and has fled. To ensure that there is no other reasonable inference, it is the intent of the United States to subpoena the defendant's girlfriend, Deborah Martin, and the defendant's mother, Sharon Marcotte, so that they can provide testimony before the Court as to whether there are other facts as to the defendant's absence.

WHEREFORE, the United States requests that the Court set this matter for sentencing and should the defendant fail to appear, to make an on-the-record inquiry as to any questions that

might be raised about whether the defendant's absence is knowing and voluntary, and if the Court finds his absence to be knowing and voluntary, then to proceed to sentence the defendant in abstentia.

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    *s/Norman R. Smith*
    NORMAN R. SMITH
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL  62208
    (618) 628-3700
    Fax:  (618) 628- 3720
    E-mail norman.smith@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.   13-30053-MJR |
| | ) | |
| DESTRY J. MARCOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

I hereby certify that on August 21, 2014, I caused to be electronically filed:

**<u>MOTION TO SENTENCE DEFENDANT IN ABSTENTIA</u>**

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Phillip_Kavanaugh@fd.org

and I hereby certify that on August 21, 2014, a copy of the above document was placed in the U.S. Mail to be sent Certified Mail, Return Receipt Requested, addressed as follows:

Destry J. Marcotte
411 West Cleveland
Belleville, IL 62220

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    *s/ Norman R. Smith*
    NORMAN R. SMITH
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, IL  62208
    (618) 628-3700
    Fax:  (618) 628-3720
    E-mail: Norman.Smith@usdoj.gov